UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21333-CIV-LENARD/GARBER

ELIUTH ALVAREZ,            )
                           )
    Plaintiff,             )
                           )
v.                         )
                           )
ROYAL ATLANTIC DEVELOPERS, INC.,  )
                           )
    Defendant.             )
_____)

**DEFENDANT'S PARTIALLY UNOPPOSED MOTION TO REQUIRE PLAINTIFF
TO SUBMIT TO INDEPENDENT MEDICAL EXAMINATION AND
FOR EXTENSION OF TIME TO COMPLETE EXPERT WITNESS DISCOVERY
(With Incorporated Memorandum Of Law)**

Defendant, Royal Atlantic Developers, Inc. ("RAD"), by counsel, and pursuant to S.D. Fla. L.R. 7.1 and Fed. R. Civ. P. 35(a), respectfully moves for entry of an Order requiring Plaintiff to submit to an independent medical examination ("IME"), and for an extension of time to complete expert witness discovery related to the IME.

As explained more fully below, Plaintiff has no objection to an IME, and defense counsel has attempted to coordinate with Plaintiff's counsel regarding completion of an IME and expert witness discovery related thereto within the Court's deadlines. However, delay in coordinating an IME has been occasioned by: 1) Plaintiff's repeated failures to provide truthful responses to Defendant's discovery request regarding her alleged mental distress damages; and, 2) Plaintiff's recent cancer diagnosis, treatment for which allegedly has precluded the scheduling of an IME, but is not expected to delay the trial of this matter.

With regard to Plaintiff's health, Defendant understands that Plaintiff had cancer surgery in May 2008, and currently is on bed rest. Defendant also understands that Plaintiff's cancer is not life-threatening, and that Plaintiff anticipates that she will be fully recovered by the end of the summer. Plaintiff does not intend to seek an extension of the trial date, nor does Defendant. Defendant has proposed an IME with Dr. Barbara Stein, M.D., which could take place on July 30, 2008, at a court reporter's office in North Miami Beach, Florida. The IME would last all day, from 8:00 a.m. to 4:00 p.m., with a lunch break. Plaintiff, however, alleges she cannot participate in a "battery of tests" for the extended time period required by Defendant's expert, Dr. Stein.

On the one hand, Plaintiff is dealing with a serious health issue. On the other hand, Plaintiff simultaneously is seeking damages from Defendant, and Defendant is entitled to discovery regarding those alleged damages, and must comply with the Court's deadlines. In addition, Defendant must comply with the applicable rules of procedure and evidence regarding expert witnesses, such that Defendant cannot agree to abbreviate the time required by Dr. Stein (or a similar expert) to evaluate Plaintiff's mental health.

Under the circumstances, Defendant is compelled to seek the Court's assistance in resolving this issue. In particular, Defendant requests that the Court enter an Order requiring Plaintiff to submit to an IME by a date certain, and providing for an extension of time to complete expert witness discovery related to the IME. If Plaintiff's health is such that she cannot submit to an IME in the foreseeable future, then Defendant requests that the Court require Plaintiff to provide documentation from her treating physician regarding the extent of her incapacity, and specify when Plaintiff would be able to submit to an IME, such that the Court

may determine appropriate deadlines regarding an IME and expert witness discovery. In support of this Motion, Defendant states as follows:

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

1. This is an employment-related action. Plaintiff seeks damages for alleged discrimination on the basis of national origin ("Cuban American") and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Florida Civil Rights Act, Fla. Stat. § 760.01 *et seq*.

2. Plaintiff alleges that she has suffered damages for emotional pain and suffering as a result of Defendant's alleged acts and/or omissions. [See Defendant's Summary of Discovery Dispute, ¶ 11 attached hereto as Exhibit A].

3. The Court entered a scheduling order on September 19, 2007 (D.E. No. 19). The scheduling order set a deadline of July 7, 2008 for fact and expert discovery.

**Plaintiff Failed to Provide Truthful Discovery Responses,
Which Resulted in Unnecessary Delay**

4. Throughout discovery, Defendant diligently has sought discovery regarding Plaintiff's alleged damages, particularly issues of causation and the extent of mental anguish allegedly suffered by Plaintiff. Plaintiff, however, repeatedly failed to provide truthful responses to Defendant's discovery regarding her alleged emotional distress damages.

5. In particular, Defendant served its First Set of Interrogatories in October 2007, to which Plaintiff responded on December 18, 2007, and stated that she had not visited or consulted with any health care providers for any emotional-or mental-distress related condition, illness, or treatment allegedly caused by Defendant or for which Plaintiff seeks recovery from Defendant. [Exhibit A, ¶ 1]

6. Notwithstanding this sworn response, at her deposition on January 30, 2008, Plaintiff testified that she currently was taking Prozac because she allegedly fell into a depression after her termination, and that she currently was seeing a psychiatrist in Kendall, who recommended counseling, which Plaintiff claimed she was continuing to attend. [Exhibit A, ¶ 3]

7. Immediately thereafter (on February 1, 2008), Defendant served its Second Set of Interrogatories upon Plaintiff, which comprised a single interrogatory requesting that Plaintiff identify all health care providers, including psychiatrists and counselors from whom she had received treatment in the past 20 years. [Exhibit A, ¶ 4]

8. Plaintiff responded to Defendant's single interrogatory on April 11, 2008, but her response omitted any reference to the psychiatrist and counselor in Kendall whom Plaintiff had testified she currently was seeing. [Exhibit A, ¶ 5]

9. By correspondences dated April 11, 2008, and April 21, 2008, Defendant demanded that Plaintiff provide the names and addresses of the psychiatrist and counselor Plaintiff referred to in her deposition. [Exhibit A, ¶¶ 6-7]

10. Given Plaintiff's continued failure to respond, Defendant filed on April 25, 2008, a Motion to Compel Better Responses to Defendant's Second Set of Interrogatories and an Executed HIPAA Compliant medical release, and for Attorneys' Fees and Sanctions. [*See* D.E. No. 34]. Defendant withdrew that motion without prejudice on April 30, 2008, because the Court's order governing procedures for handling discovery disputes required that Defendant submit the dispute to the Court to be placed on the discovery calendar prior to filing a motion. [*See* D.E. No. 35].

11. By correspondence dated April 29, 2008, Plaintiff stated that "she went to see a psychiatrist twice in the Kendall area. [The psychiatrist] was a woman with a polish name. As

4

to [the psychiatrist's] name, address and phone number she does not recall. Further this information can be obtained from [Plaintiff's] health insurance company at the time of [Plaintiff's] employment with Defendant." Plaintiff's response made no mention of the counselor Plaintiff testified she currently was seeing. [Exhibit A, ¶ 8]

12. Accordingly, Defendant contacted its insurance broker, and learned that Plaintiff was treated by Dr. Anna Rzadkowolsky-Raoli on Kendall Drive. Records produced by Dr. Rzadkowolsky-Raoli on May 14, 2008 in response to subpoena showed that Plaintiff was only seen once for an "initial evaluation" on October 18, 2006, which was confirmed by Dr. Rzadkowolsky-Raoli's office upon inquiry from defense counsel's paralegal. [Exhibit A, ¶¶ 9-10]

13. Thus, despite Defendant's diligence and continued good faith effort to resolve the matter without judicial intervention, the veracity of Plaintiff's discovery responses regarding her alleged emotional distress damages ultimately culminated in a discovery dispute hearing before U.S. Magistrate Judge Garber on May 23, 2008. [See D.E. No. 39].

14. Following the discovery dispute hearing on May 23, 2008, Magistrate Judge Garber entered an Order requiring that Plaintiff provide "the names and addresses of each psychiatrist and counselor that she has seen or is continuing to see and the dates of each visitation and treatment." [See D.E. No. 40]. On May 30, 2008, Plaintiff served her Better Answer to Defendant's Second Set of Interrogatories wherein Plaintiff stated that she "visited Dr. Anne Rzadkowolsky-Raoli once or twice….[Dr. Rzadkowolsky-Raoli] recommended further treatment but [Plaintiff] could not afford it at the time. [Plaintiff] ha[s] not seen any other psychiatrist or therapist since the termination of [her] employment." [See Exhibit B].

15. On June 9, 2008, Defendant deposed Dr. Rzadkowolsky-Raoli regarding her treatment of Plaintiff. Dr. Rzadkowolsky-Raoli had no memory of Plaintiff, but confirmed that Plaintiff's medical file indicates that Dr. Rzadkowolsky-Raoli saw Plaintiff once, diagnosed severe depression, prescribed a limited supply of Prozac, and recommended counseling.

### Plaintiff Recently Has Been Diagnosed With Cancer, Which Allegedly Has Precluded Her From Scheduling an IME

16. Defendant initially attempted to schedule Plaintiff's IME for June 13, 2008, at a court reporter's office in North Miami Beach, Florida. [*See* Exhibit C]

17. Although Plaintiff did not object to the IME itself, by correspondence dated May 15, 2008, Plaintiff's counsel advised that "Ms. Alvarez just had surgery last week and she is under bed rest for at least one to two months." [*See* Exhibit D]

18. On May 16, 2008, Defendant requested that Plaintiff provide clarification regarding her availability for an IME on June 13, 2008, as this date was at least one month after Plaintiff's surgery. Defendant also requested that Plaintiff provide clarification regarding the extent of her incapacity, particularly with respect to scheduling an IME before the Court's July 7, 2007 discovery deadline. [*See* Exhibit E]. Plaintiff did not respond to Defendant's requests for clarification.

19. On May 21, 2008, defense counsel again requested that Plaintiff provide clarification regarding the nature and extent of her incapacity, as well as her availability for an IME. [*See* Exhibit F]

20. At the discovery dispute hearing before Magistrate Judge Garber on May 23, 2008, Plaintiff's counsel represented that Plaintiff recently had been diagnosed with cancer, which hindered her ability to participate in the case.

21. Additionally, medical records obtained by Defendant with Plaintiff's authorization and pursuant to subpoenas to Plaintiff's health care providers confirm that Plaintiff recently was diagnosed with cancer and is taking Prozac. The medical records further confirm that Plaintiff has a history of depression, and previously has taken Prozac. If requested by the Court, Defendant either will file relevant medical records for Plaintiff under seal, or provide relevant medical records for Plaintiff to the Court for in camera review.

22. Immediately, after the discovery dispute hearing defense counsel's office contacted Plaintiff's counsel to schedule the IME and a continued deposition of Plaintiff regarding her alleged mental distress and treatment. The assistant to Plaintiff's counsel stated that Plaintiff recently had cancer surgery and currently was on bed rest, but stated that their office would confer with Plaintiff regarding scheduling an IME and a continued deposition. Plaintiff's counsel did not respond to Defendant about scheduling the IME and continued deposition of Plaintiff.

23. On June 10, 2008, defense counsel attempted to confer with Plaintiff's counsel telephonically regarding scheduling the IME and continued deposition of Plaintiff, as well as the necessity of filing the instant Motion. Assistant to Plaintiff's counsel advised that although he would relay the message, Plaintiff's counsel was in trial all week, and thus a return call might not be forthcoming.

24. Thereafter, via correspondence on June 12, 2008, defense counsel requested that Plaintiff's counsel contact defense counsel to discuss scheduling the IME. [*See* Exhibit G]

**Defendant's Request for Relief**

25. Defendant intends to schedule an IME with Dr. Barbara A. Stein, M.D., ("Dr. Stein"), a Florida-licensed psychiatrist based in Largo, Florida. The scope of Dr. Stein's

examination will be limited to information that may reasonably relate to the issues of causation and the extent of mental anguish suffered by Plaintiff as an element of her claimed damages in the instant case.

26. The IME will take place at a court reporter's office in North Miami Beach, Florida. The IME will last all day from 8:00 a.m. to 4:00 p.m., with a lunch break. Upon completion of the IME, Dr. Stein requires three to four weeks to complete her expert witness report.

27. Currently, Dr. Stein is available for an IME on July 30, 2008, but Dr. Stein cannot hold this date indefinitely. In addition, Dr. Stein will be unavailable from August 1, 2008, through September 8, 2008.

28. Therefore, Defendant respectfully moves for entry of an Order requiring Plaintiff to submit to an independent medical examination ("IME") before Dr. Stein at a court reporter's office in North Miami Beach, Florida on a mutually agreeable date before August 1, 2008. In addition, Defendant respectfully requests that the Court's Order extend the Court's deadline to complete expert witness discovery as follows:

**August 1, 2008**   Deadline to complete independent medical examination

**September 15, 2008**   Deadline for Defendant to serve its expert witness disclosures, including expert witness's expert report related to IME

**September 22, 2008**   Deadline for Plaintiff to depose Defendant's expert

29. However, if Plaintiff's health is such that she cannot submit to an IME in the foreseeable future, then Defendant requests that the Court require Plaintiff to provide documentation from her treating physician regarding the extent of her incapacity, and when

Plaintiff would be able to submit to an IME, such that the Court may determine appropriate deadlines regarding an IME and expert witness discovery.

30. This Motion is filed in good faith and not for purposes of delay. The fact and expert discovery deadlines are July 7, 2008. The Court has not previously been asked to modify any discovery deadline. The requested extension will not affect the Court's dispositive motion deadline, and neither party wants to extend the pretrial conference date or trial date.

31. Defendant's ability to prepare its case will be prejudiced absent the relief sought in this Motion.

32. Pursuant to S.D. Fla. L.R. 7.1, a proposed order granting the instant motion is attached hereto as Exhibit H.

### CERTIFICATE OF COMPLIANCE WITH S.D. Fla. L.R. 7.1

33. The undersigned has made a good-faith effort to resolve this issue without the need for judicial intervention. Defense counsel and Plaintiff's counsel discussed this matter telephonically on June 13, 2008. Plaintiff's counsel does not object to an IME, the proposed IME date of July 30, 2008, or the dates which Defendant proposes for extending the Court's expert discovery deadline. However, Plaintiff's counsel states that Plaintiff recently had surgery, and remains on bed rest. Thus, Plaintiff's counsel states that Plaintiff is unable to sit for a "battery of tests" for the extended time period proposed by Defendant's expert, Dr. Stein. Although Plaintiff's counsel is willing to obtain documentation from Plaintiff's treating physician, Defendant cannot delay further in bringing this issue to the Court's attention. Accordingly, the parties are unable to resolve this matter without judicial intervention.

## MEMORANDUM OF LAW

Rule 35(a) of the Federal Rules of Civil Procedure states, in relevant part:

> The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. . . . The order: (A) may be made only on motion for good cause shown and upon notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed.R.Civ.P. 35(a). The "in controversy" and "good cause" requirements of Rule 35 "require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf v. Holder*, 379 U.S. 104 (1964).

In this case, Plaintiff clearly has put her mental condition in controversy. In response to Defendant's First Set of Interrogatories, Plaintiff states that she seeks the maximum statutory amount of damages for emotional pain and suffering. [Exhibit A, ¶ 11]. At her deposition, Plaintiff testified that following her termination she was crying and spent at least a month sitting around in her pajamas and "eating like a pig." [*See* Exhibit I] Plaintiff also testified that although she previously took Prozac in 2001, her use of Prozac had stopped for two to three years. *Id.* Plaintiff testified that RAD's termination of her employment, however, caused her to suffer a "big depression," and that as a result she needed to resume the use of Prozac. *Id.* Plaintiff further testified that she currently was receiving psychiatric treatment and counseling for this "big depression." *Id.*

Plaintiff's history of treatment for depression and use of Prozac has been confirmed by medical records obtained by Defendant with Plaintiff's authorization and pursuant to subpoena to Plaintiff's health care providers. Further, it is undisputed that Plaintiff recently was diagnosed

with cancer, and is taking Prozac. Clearly, Plaintiff's cancer diagnosis and treatment are significant developments which impact the causal connection between Defendant's alleged acts or omissions and Plaintiff's alleged damages for emotional pain and suffering.

Plaintiff's discovery responses and deposition testimony indicate that her emotional damages will be an issue in the case during trial, and that Plaintiff intends to present testimony at trial regarding her claims of emotional distress and the extent of her damages related to such distress. Therefore, "Defendant is entitled to have an opportunity to challenge Plaintiff's claims and testimony, and utilizing an expert, who has had an opportunity to examine Plaintiff, is an acceptable and recognized way to do so." *Gray v. State of Fla., Dep't of Justice*, Case No. 3:06-cv-990-J-20MCR, 2007 U.S. Dist. LEXIS 55236, *6 (M.D. Fla. July 31, 2007) (granting defendant's motion to compel mental examination of plaintiff where plaintiff alleged that racial discrimination and retaliation caused anxiety and depression and caused plaintiff to take antidepressant medication). Accordingly, Defendant has shown good cause for Plaintiff to undergo a mental examination by Dr. Stein, which will be limited to information that may reasonably relate to the issues of causation and the extent of mental anguish suffered by Plaintiff as an element of her claimed damages in the instant case.

Upon issuance of the scheduling order in this case, Defendant expeditiously proceeded to ascertain through discovery the basis of Plaintiff's damages, and promptly undertook all methods of discovery to identify the elements of those claims. Plaintiff, however, repeatedly failed to provide truthful responses to Defendant's discovery regarding her alleged emotional distress damages, which resulted in unnecessary delay. Although Plaintiff does not object to an IME, Plaintiff's cancer diagnosis and treatment allegedly have precluded her from committing to a date for the IME. In addition, as a result of her treatment, Plaintiff allegedly is unable to

participate in an examination over the extended time period (i.e. 8:00 a.m.-4:00 p.m., with a lunch break) proposed by Defendant's expert, Dr. Stein. Therefore, Defendant seeks the Court's intervention in this matter.

## CONCLUSION

Defendant has established that there is both "good cause" and that Plaintiff's mental condition is "in controversy." Therefore, Defendant respectfully moves for entry of an Order requiring Plaintiff to submit to an independent medical examination ("IME") before Dr. Barbara A. Stein, M.D., at a court reporter's office in North Miami Beach, Florida on a mutually agreeable date before August 1, 2008. The examination shall not exceed seven (7) hours, and shall be limited to information that may reasonably relate to the issues of causation and the extent of mental anguish suffered by Plaintiff as an element of her claimed damages in the instant case. In addition, Defendant respectfully requests that the Court's Order extend the Court's deadline to complete expert witness discovery as follows:

**August 1, 2008**  Deadline to complete independent medical examination

**September 15, 2008**  Deadline for Defendant to serve its expert witness disclosures, including expert witness's expert report related to IME

**September 22, 2008**  Deadline for Plaintiff to depose Defendant's expert

However, if Plaintiff's health is such that she cannot submit to an IME in the foreseeable future, then Defendant requests that the Court enter an Order requiring Plaintiff to provide documentation from her treating physician regarding the extent of her incapacity, and when Plaintiff would be able to submit to an IME, such that the Court may determine appropriate deadlines regarding an IME and expert witness discovery.

Dated: June 20, 2008

                                             **s/ Michael W. Casey, III**
                                             Michael W. Casey, III
                                             Florida Bar No. 141430
                                             mcasey@ebglaw.com
                                             Jennifer L. Poole
                                             Florida Bar No. 0608661
                                             jpoole@ebglaw.com
                                             EPSTEIN BECKER & GREEN, P.C.
                                             Suite 4300, Wachovia Financial Center
                                             200 South Biscayne Boulevard
                                             Miami, Florida 33131
                                             Tel: (305) 579-3200
                                             Fax: (305) 579-3201

                                             Counsel for Defendant,
                                             Royal Atlantic Developers, Inc.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21333-CIV-LENARD/GARBER

ELIUTH M. ALVAREZ, )
)
       Plaintiff, )
)
v. )
)
ROYAL ATLANTIC DEVELOPERS, INC., )
a Florida corporation, )
)
       Defendant. )
_____ )

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 20th of June, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                  **s/Michael W. Casey, III**
                                  Michael W. Casey, III

## SERVICE LIST

**Eliuth M. Alvarez v. Royal Atlantic Developers, Inc.**
**Case No. 07-21333-Civ-Lenard/Garber**
**United States District Court, Southern District of Florida**

    Martin E. Leach, Esquire
    mel@flmlegal.com
    Feiler & Leach, P.L.
    Penthouse Suite
    901 Ponce de Leon Boulevard
    Coral Gables, Florida  33134
    Tel: (305) 441-8818
    Fax: (305) 441-8081
    Attorneys for Plaintiff, Eliuth M. Alvarez

    [Via electronic mail using CM/ECF]